IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,                                    No. CIV S-07-1825-GEB-CMK-P

    Plaintiff,

    vs.                                                          FINDINGS AND RECOMMENDATIONS

WHITE, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

Plaintiff names the following as defendants:  White and Davidson.  Plaintiff alleges that defendants are mental health professionals who render services to prisoners pursuant to contracts with the California Department of Corrections and Rehabilitation.  Both defendants are sued in their individual capacities only.  Plaintiff sets forth the following factual allegations:

> On March 20, 2006, I was abruptly removed from the suicide watch by defendant Davidson, the prison psychologist, despite his knowledge that I was still suicidal, and that same day I was denied readmittance to the suicide watch by defendant White, the prison psychiatrist, despite my protestations that I was suicidal and confined in a regular cell that was not equipped for a known suicidal inmate.
> As a result, I later cut my wrist in which I had to be readmitted to the suicide watch that same day.
> The unequip cell had surfaces with which I could harm myself, and contained items such as clothing, sheets, towels, and other things that could be used to tie and suspend items.
> Both defendants know of my history of suicidality, including my prior suicide attempts and know that there was a substantial risk that I would attempt suicide.  Despite this knowledge, defendants failed to intervene and provide appropriate mental health intervention to protect me from harming myself, and, for all practical purposes, simply abandoned me as a patient.
> Prison rules required that I remained on suicide watch until I uttered the "magic words" that I was not suicidal, and be admitted after such otherwise utterance.
> Simply subjecting me to remain in a cell not designed for suicidal inmates while suicidal inherently posed a likelihood of self-injurious behavior as illustrated before the inevitably suicide itself.

Plaintiff claims that "[t]he proximate cause of my injury was official negligence."  He also claims that defendants' conduct "amounted to deliberate and callous indifference. . . ."  Plaintiff seeks compensatory and punitive damages.

Additional facts are revealed by the prison grievance decisions attached to

plaintiff's complaint. Consistent throughout these documents is the description of plaintiff's claim. Specifically, plaintiff claimed that he was interviewed by defendants and mistakenly determined not to require suicide watch. In the first level response, defendant Davidson stated:

> I have reviewed your complaint and met with you to discuss its merits. You were taken off Suicide Precautions status as the result of a series of daily assessments conducted during your stay in the [Mental Health Outpatient Unit]. This process is the same for all inmate/patients and relies on a number of factors that constitute suicidality. These factors collectively contribute to the clinical decision to continue or discontinue suicide precautions. Each Mental Health clinician is required to use this multi-factored assessment tool to ensure comprehensive and objective treatment of each inmate/patient's circumstances.

In the second level response, the prison Health Care Manager – Dr. Karen Kelly – noted that "Dr. Davidson acted according to [plaintiff's] signs and symptoms and with his best judgment."

## II. DISCUSSION

The gravamen of plaintiff's claim is that he was denied adequate medical care. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison

1 official must have a "sufficiently culpable mind." See id.

2 Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

In this case, the court notes the consistent description of plaintiff's claim, as revealed by documents attached to the complaint and which are considered a part of the complaint. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Specifically, it is clear that plaintiff was examined by mental health professionals and that plaintiff's claim is based on his

assertion that defendants made mistakes and were otherwise professionally negligent when it was decided that plaintiff no longer required suicide precautions.  Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE