# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,                                     2:07-cv-1825-GEB-CMK-P

    Plaintiff,

  vs.                                                            ORDER

WHITE, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

        On January 4, 2008, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days.  Timely objections to the findings and recommendations have been filed.

///

///

///

Plaintiff claims that defendants – who are prison mental health professionals – were deliberately indifferent to his mental health problems when they removed him from a suicide watch cell and refused him readmittance to such a cell even though they knew he was suicidal. In his objections to the magistrate judge's findings and recommendations, plaintiff asserts that defendants "simply abandoned him as a patient." The magistrate judge concluded that plaintiff's claim was not cognizable under 42 U.S.C. § 1983 because documents attached to the complaint revealed that plaintiff was in fact treated by defendants and that plaintiff's claim amounted to either a claim of professional negligence or a difference of opinion with respect to his mental health care.

In his objections, plaintiff cites several circuit court cases in support of his argument that his claim is cognizable. In Woodward v. Correctional Medical Services of Illinois, Inc., a case out of the Seventh Circuit, the administrator of the estate of a deceased pre-trial detainee brought a § 1983 action arising from the detainee's suicide. See 638 F.3d 917, 919 (7th Cir. 2004). After a trial, the jury determined that defendants were deliberately indifferent. In Olson v. Bloomberg, a case out of the Eighth Circuit, the mother on an inmate who committed suicide brought a § 1983 action. See 339 F.3d 730, 731 (8th Cir. 2003). The court affirmed the district court's denial of summary judgment for defendants concluding that there was a genuine dispute as to whether defendants ignored plaintiff's need for medical assistance. See id. at 735-38. In Cavelieri v. Shepard, also a Seventh Circuit case, the mother of a pre-trial detainee brought a § 1983 action claiming deliberate indifference to detainee's risk of suicide. See 321 F.3d 616, 618 (7th Cir. 2003). In affirming the district court's denial of qualified immunity to defendants, the court observed that there was evidence defendants did nothing in the face of a life-threatening situation. See id. at 621-23.

///

///

///

1   These cases are distinguishable from plaintiff's case.  The defendants in
2  Woodward ignored plaintiff's mental health problems.  See Woodward, 368 F.3d at 930.
3  Similarly, the claim in Olson was allowed to proceed because there was evidence that defendants
4  ignored plaintiff's problem.  See Olson, 339 F.3d at 735-38.  Finally, there was evidence in
5  Cavelieri that defendants did nothing.  See 321 F.3d at 621-23.  In this case, the complaint
6  reveals that defendants did in fact provide plaintiff with some treatment and an assessment of his
7  mental health situation before removing him from the suicide watch cell.
8   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
9  304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire
10 file, the court finds the findings and recommendations to be supported by the record and by
11 proper analysis.
12   Accordingly, IT IS HEREBY ORDERED that:
13   1. The findings and recommendations filed January 4, 2008, are adopted in
14 full;
15   2. This action is dismissed; and
16   3. The Clerk of the Court shall enter judgment in favor of Defendants.
17 Dated: February 5, 2008

GARLAND E. BURRELL, JR.
United States District Judge